Supreme Council of the Royal Arcanum v. Pels.

$$\frac{110}{a209s} \quad \frac{409}{33}$$

## Supreme Council of the Royal Arcanum v. Eugenie Brudi Pels.

1. INSURANCE—*Suicide Not, as a Rule, Recognized as a Ground of Exemption from Liability.*—In the law of insurance, suicide is not, as a rule, recognized as a ground of exemption from liability, or for forfeiture of a policy issued for the benefit of a third person, unless it is so expressly provided in the policy.

2. SAME—*Liability Under By-law Providing that the Certificate Shall be Void in Case the Member Commits Suicide.*—Under a by-law providing that the certificate shall be void in case the member commits suicide, the insurer will be liable only if, at the time of the suicidal act, the insured was so affected with insanity as to be unconscious of the act or of the physical effect thereof, or was driven to its commission by an insane impulse which he has not the power to resist.

3. SAME—*Liability Under a By-law Providing that the Certificate Shall Be Void if the Insured, Whether Sane or Insane, Die by His Own Hand.*—Under a by-law providing that the certificate shall be void if the insured, whether sane or insane, die by his own hand, any self-destruction is excepted, and there is complete exemption from liability

in case of suicide by the insured, notwithstanding he was wholly insane and incapable of understanding the physical nature and effect of the act.

Assumpsit, upon a benefit certificate. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed November 17, 1903.

H. H. C. MILLER and W. S. OPPENHEIM, attorneys for appellant.

VOCKE & HEALY, attorneys for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee recovered in the Superior Court a judgment against appellant for $3,000, upon a benefit certificate issued by appellant April 6, 1899, payable to appellee on the death of Emil Ernst Pels, her husband, a member of the Royal Arcanum, who died May 31, 1900. The following by-law of the order was in force during all the time that Pels was a member:

"No benefit shall be paid upon the death of a member who shall commit suicide within five years from and including the date of his initiation,   *   *   *   unless the person or persons claiming under such certificate of membership shall establish and prove affirmatively that prior to such suicide the member had been judicially declared insane, or was under treatment for insanity at the time the act was committed, or was then in the delirium of other illness."

No policy or by-law containing this or a similar provision appears to have been passed upon or construed by a court of review.

We are to give, if possible, a reasonable construction and effect to all the provisions of the by-law.

In the law of insurance, suicide is not, as a rule, recognized as a ground of exemption from liability, or for forfeiture of a policy issued for the benefit of a third person, unless it is so expressly provided in the policy. Kerr v. Minn. M. B. Ass'n, 39 Minn. 174; Fitch v. Am. Pop. Ins. Co., 59 N. Y. 557; 1 May on Ins., Sec. 325. It was competent for appellant by by-law to provide when and under what facts

and circumstances the benefit certificate of a member payable to a third person should be forfeited, if such member took his own life. In the absence of any provision on the subject appellant would, as we have seen, be liable whether the member was sane or insane at the time of the suicidal act. Under a by-law providing that the certificate should be void in case the member committed suicide, appellant would be liable only "if at the time of the suicidal act the assured was so affected with insanity as to be unconscious of the act or of the physical effect thereof, or was driven to its commission by an insane impulse which he has not the power to resist." Grand Lodge v. Wieting, 168 Ill. 408. Under a by-law providing that the certificate should be void if the insured "whether sane or insane, die by his own hand," any self-destruction is excepted, and there is complete exemption from liability in case of suicide by the insured, notwithstanding he was wholly insane and incapable of understanding the physical nature and effect of his act. Seitzinger v. Modern Woodmen, 204 Ill. 58.

The by-law before us consists of two clauses. The first is general in its language: "No benefit shall be paid upon the death of a member who shall commit suicide within five years from and including the date of his initiation."

Long before Pels became a member of the Royal Arcanum it had been settled by a long course of judicial decisions in this and other states that the phrases "commit suicide," "die by his own hand," "take his own life" and their equivalents did not mean or include, when used in a life insurance policy or in the by-law of a benefit society, the taking of the life of the insured by his own hand if he was at the time insane. Under the general language of the first clause, which must be construed favorably to the beneficiary and strictly as against the insurer, the phrase "commit suicide" can not, we think, be construed to mean or include the taking of his own life by a member who was then insane, but such phrase in said clause must be given its legal sense and meaning, as defined and limited by judicial construction.

Giving to the words such legal sense and meaning, the first clause of the by-law does not affect the liability of appellant to pay benefits on the life of a member who shall, more than five years after his initiation, take his own life while sane, or on the death of one who shall, at any time, take his own life while insane.

The second clause of the by-law can not properly be held to limit or affect the liability of appellant to pay benefits on the death of a member who dies by his own hand at any time, if insane, or after five years from his initiation, if sane; but provides for liability in three other cases of death of a member by his own hand: one, when such member has been judicially declared insane; another, when at the time of committing the suicidal act he was under treatment for insanity; the third, when the act was committed in the delirium of other illness. In each of these cases, the effect of the second clause of the by-law is to make appellant liable to pay benefits without regard to whether the member at the time he took his own life was sane or insane.

The record in this case shows that Pels came to his death within fourteen months after his initiation by poison administered by himself. He had not been judicially declared insane; he was not then under treatment for insanity and there was not sufficient evidence to show that he was then in the delirium of other illness. It was incumbent upon appellee in order to recover to show that her husband was insane when he took the poison which caused his death. Evidence tending to show such insanity was properly admitted. If Pels was then insane appellee was entitled to a verdict and judgment. The evidence of appellee to show such insanity was strong and convincing and appellant offered no evidence on the subject.

The judgment will be affirmed.

Mr. Justice STEIN took no part in the decision of this case.